# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10 B 11686 |
| ROBERT R. BROWN and ) | |
| CONSTANCE M. BROWN, ) | Chapter 7 |
| ) | |
| Debtors. ) | Hon. John H. Squires |
| _____ ) | |
| ) | |
| 147th & PULASKI CURRENCY ) | |
| EXCHANGE, INC., an Illinois corporation, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary Case No. _____ |
| ) | |
| ROBERT R. BROWN and ) | |
| CONSTANCE M. BROWN, ) | |
| ) | |
| Defendants. ) | |

**ADVERSARY COMPLAINT FOR OBJECTION TO DISCHARGE,
NON-DISCHARGEABILITY AND FOR OTHER RELIEF**

Plaintiff, 147th & PULASKI CURRENCY EXCHANGE, INC., an Illinois corporation ("Currency Exchange"), by its attorneys, David J. Frankel and the law firm of Sorman & Frankel, Ltd., for its Adversary Complaint for Objection to Discharge, Non-Dischargeability and for Other Relief (the "Complaint") against Debtors-Defendants, ROBERT R. BROWN ("Robert") and CONSTANCE M. BROWN ("Constance") (collectively, "Debtors," "Defendants" or "the Browns"), states as follows:

**JURISDICTION and VENUE**

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. 157(b)(2).

1

2. Defendants are Debtors in these proceedings and Currency Exchange is a creditor.

3. This adversary proceeding is brought pursuant to 11 U.S.C. §§523(a)(2), 523(a)(4) and 523(a)(6) to determine the dischargeability of a debt to determine the dischargeability of Debtors' obligations to Currency Exchange.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1409.

## BACKGROUND FACTS

5. Currency Exchange is a duly registered Illinois corporation with its principal place of business located at 425 Huehl Road, Building 3, Northbrook, Cook County, Illinois. Currency Exchange is a currency exchange regulated by the Illinois Department of Financial Institutions and its principal business activities include, among other things, providing check-cashing services to members of the general public for a fee

6. Upon information and belief, the Browns are Illinois residents whose principal place of residence is located at 3 Regent Court, Burr Ridge, Illinois. At all times relevant to these proceedings, the Browns were, upon information and belief, the owners, operators, shareholders, officers and/or directors of House of Lynwood, Ltd., a dissolved Illinois corporation ("House").

7. On or about March 6, 2009, Robert, as one of the individuals in control of House, caused that entity to issue two (2) checks, in the total amount of $6,566.10, payable to Constance, another individual in control of House, and drawn on the Browns'/House's checking account (the "Checks").

8. The aforementioned Checks are negotiable instruments in that they are unconditional promises to pay definite amounts of money, upon demand, payable to order, without any restriction on the face of the instruments.

9. Shortly after the Checks were issued, they were endorsed by Constance and tendered to and negotiated by the Currency Exchange in exchange for cash paid to Constance.

10. Within thirty (30) days thereafter, the Currency Exchange presented the Checks for payment and the Checks were dishonored by reason of insufficient funds. The Currency Exchange was charged "returned check" fees by its bank totaling $50.00, or $25.00 per check, dishonored due to insufficient funds.

11. At the time of issuance of the Checks, Robert and Constance, as the individuals in sole and complete control of House, which was upon information and belief involuntarily dissolved by the Illinois Secretary of State for failure to file required annual corporate reports, knew or should have known, that House's account contained insufficient funds to satisfy the checks and issued same with the knowledge and/or intent that the Checks would not be honored upon presentment.

12. Further, at the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew or should have known, that House was insolvent and unable to satisfy its financial obligations to creditors.

13. Pursuant to 810 ILCS 5/3-301, *et seq.* (West 2010), Currency Exchange is a holder in due course entitled to enforce the Checks against the Browns, as the individuals who caused an insolvent business entity to issue the Checks with knowledge as set forth herein.

14. Additionally, pursuant to 720 ILCS 5/17-1a (West 2010), Currency Exchanges is entitled to a judgment against the Browns for an amount "in addition to the amount

owing upon such check or order, damages of treble the amount so owing, but in no case less that $100 nor more than $1,500, plus attorneys' fees and court costs."

15. The Browns, individually or through House, failed and refused to reimburse Currency Exchange any portion of the $6,616.10 due, despite demand from the Currency Exchanges as required by 720 ILCS 5/17-1a (West 2010).

16. As such, and pursuant to the foregoing, on June 25, 2009, Currency Exchange commenced proceedings in the Circuit Court of Cook County, Illinois, Municipal Department, First District, entitled <u>147th & Pulaski Currency Exchange, Inc., an Illinois corporation v. Robert Brown, individually and d/b/a House of Lynwood, Ltd., a dissolved Illinois corporation, and Constance Brown individually and d/b/a House of Lynwood, Ltd., a dissolved Illinois corporation</u>, Case No. 09 M1 153483 (the "State Court proceedings"). A copy of Currency Exchange's Verified Complaint therein (the "State Court Complaint") is attached as Exhibit "A."

17. The Browns were thereafter served with Currency Exchange's State Court Complaint and, based on their failure to appear in the State Court proceedings, a default judgment was entered on October 8, 2009 (the "Judgment Order") in favor of Currency Exchange, and against both the Browns, jointly and severally, in the sum of $9,966.10 plus costs. A copy of the Judgment Order is attached as Exhibit "B."

18. Thereafter, based on the Browns' failure to appear for a Citation to Discover Assets hearing in the State Court proceedings, the Court entered Rule and, subsequently, an Alias Rule to Show Cause Orders, the most recent of which was issued on March 3, 2010 against Robert, individually and doing business as House, returnable on April 7, 2010.

Document    Page 5 of 12

19. In the interim, on March 18, 2010, the Brown's commenced the underlying Chapter 7 proceedings and Currency Exchange subsequently received notification from the Brown's prior counsel in these proceedings of same.

### COUNT I
### 11 U.S.C. §523(a)(2)(A)
### Fraudulent Obtainment of Financing/Loans

20. Currency Exchanges restate and realleges Paragraphs 1 through 19 of the Complaint as and for Paragraph 20 of Count I as if fully set forth herein.

21. Section 523(a)(2) of the Bankruptcy Code provides, in relevant part, that a Debtor is not discharged from a debt "for money, property … or an extension, renewal or refinancing of credit to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

22. The Browns, in their capacity as the sole owners, operators, shareholders, officers and/or directors of House, caused the issuance by the Browns/House of the Checks which were cashed by Constance at Currency Exchange and all of which were returned unpaid due to insufficient funds.

23. At the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew or should have known that the Browns'/House's account contained insufficient funds to satisfy the Checks and issued and cashed same with the knowledge and/or intent that the Checks would not be honored upon presentment.

24. Further, at the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew or should have known, that House was insolvent and unable to satisfy its financial obligations to creditors.

25. The Browns' issuance and encashment of the Checks constitutes false statements of material facts which the Browns made with the knowledge that they were false and with the intent to induce Currency Exchange, and other financial institutions to whom the Checks may have been presented, to negotiate same.

26. Currency Exchange accepted and negotiated the Checks in reasonable reliance on the validity and enforceability of same.

27. In light of the foregoing, Currency Exchange has been damaged and is entitled to monetary relief, in a sum equal to the amount of the Judgment entered in its favor and against the Browns in the State Court proceedings, *i.e.*, $9,966.10, plus interest, costs and attorneys' fees.

28. The Browns' conduct constitutes fraudulent conduct by them against the Currency Exchange in violation of Section 523(a)(2)(A) of the Bankruptcy Code and, therefore, renders any and all debts due and owing to Currency Exchange by the Browns nondischargeable.

**WHEREFORE**, Plaintiff, 147th & Pulaski Currency Exchange, Inc., an Illinois corporation, respectfully request that this Court enter an Order as follows:

A. Entering Judgment in favor of Currency Exchange, and against the Browns', jointly and severally, in the sum of $9,966.10, plus interest, costs and attorneys' fees;

B. Determining that the Browns' debt to the Currency Exchange in the sum of $9,966.10, plus interest, costs and attorneys' fees, is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A); and,

C. For such other, further and different relief as this Court deems just and proper.

**COUNT II**
**11 U.S.C. §523(a)(2)(B)**
**Fraudulent Obtainment of Financing/Loans**

29. Currency Exchanges restate and realleges Paragraphs 20 through 28 of the Complaint as and for Paragraph 29 of Count II as if fully set forth herein.

30. Section 523(a)(2) of the Bankruptcy Code provides, in relevant part, that a Debtor is not discharged from a debt "for money, property … or an extension, renewal or refinancing of credit to the extent obtained by (B) use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and, (iv) that the debtor caused to be made or published with the intent to deceive."

31. The Browns, in their capacity as the sole owners, operators, shareholders, officers and/or directors of House, caused the issuance by that entity of the Checks which were cashed by Constance at the Currency Exchange and all of which were returned unpaid due to insufficient funds.

32. At the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew or should have known, that the Browns'/House's account contained insufficient funds to satisfy the checks and issued and cashed same with the knowledge and/or intent that the Checks would not be honored upon presentment.

33. Further, at the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew or should have known, that House was insolvent and unable to satisfy its financial obligations to creditors.

34. The Browns' issuance and encashment of the Checks constitutes false statements of material facts which the Browns made with the knowledge that they were false and

with the intent to induce Currency Exchange, and other financial institutions to whom the Checks may have been presented, to negotiate same.

35. Currency Exchange accepted and negotiated the Checks in reasonable reliance on the validity and enforceability of same.

36. In light of the foregoing, Currency Exchange has been damaged and is entitled to monetary relief, in a sum equal to the amount of the Judgment entered in its favor and against the Browns in the State Court proceedings, *i.e.*, $9,966.10, plus interest, costs and attorneys' fees.

37. The Browns' conduct constitutes fraudulent conduct by them against Currency Exchange in violation of Section 523(a)(2)(B) of the Bankruptcy Code and, therefore, renders any and all debts due and owing to Currency Exchange by the Browns nondischargeable.

**WHEREFORE**, Plaintiff, 147th & Pulaski Currency Exchange, Inc., an Illinois corporation, respectfully request that this Court enter an Order as follows:

A. Entering Judgment in favor of Currency Exchange, and against the Browns, jointly and severally, in the sum of $9,966.10, plus interest, costs and attorneys' fees;

B. Determining that the Browns' debt to Currency Exchange in the sum of $9,966.10, plus interest, costs and attorneys' fees, is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(B); and,

C. For such other, further and different relief as this Court deems just and proper.

**COUNT III**
**VIOLATION OF 11 U.S.C. §523(a)(4)**
**Conversion**

38. Currency Exchanges restate and realleges Paragraphs 29 through 37 of the Complaint as and for Paragraph 38 of Count III as if fully set forth herein.

8

39. Section 523(a)(4) of the Bankruptcy Code provides that a Debtor is not discharged from a debt derived from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

40. The Browns, in their capacity as the sole owners, operators, shareholders, officers and/or directors of House, caused the issuance of the Checks, which were cashed by Constance at Currency Exchange, and all of which were returned unpaid due to insufficient funds.

41. At the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew or should have known that the Browns'/House's account contained insufficient funds to satisfy the checks and issued and cashed same with the knowledge and/or intent that the Checks would not be honored upon presentment.

42. Further, at the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew, or should have known, that House was insolvent and unable to satisfy its financial obligations to creditors.

43. The Browns' issuance and encashment of the Checks in the manner set forth herein constitutes conversion of the Currency Exchanges assets and/or property to the extent that the Browns received the benefit of Currency Exchange's payment of monies to Constance in exchange for the Checks.

44. Currency Exchange accepted and negotiated the Checks in reasonable reliance on the validity and enforceability of same.

45. In light of the foregoing, the Currency Exchanges have been damaged and is entitled to monetary relief, in a sum equal to the amount of the Judgment entered in its favor and

against the Browns in the State Court proceedings, *i.e.*, $9,966.10, plus interest, costs and attorneys' fees.

46. The Browns' conduct constitutes fraudulent conduct by them against Currency Exchange in violation of Section 523(a)(4) of the Bankruptcy Code and, therefore, renders any and all debts due and owing to Currency Exchange by the Browns nondischargeable.

**WHEREFORE**, Plaintiff, 147th & Pulaski Currency Exchange, Inc., an Illinois corporation, respectfully request that this Court enter an Order as follows:

A. Entering Judgment in favor of Currency Exchange, and against the Browns, jointly and severally, in the sum of $9,966.10, plus interest, costs and attorneys' fees;

B. Determining that the Browns' debt to Currency Exchange in the sum of $9,966.10, plus interest, costs and attorneys' fees, is nondischargeable pursuant to 11 U.S.C. §523(a)(4); and,

C. For such other, further and different relief as this Court deems just and proper.

**COUNT IV**
**VIOLATION OF 11 U.S.C. §523(a)(6)**
**Willful and Malicious Injury/Insufficient Funds Payments**

47. Currency Exchanges restate and realleges Paragraphs 38 through 46 of the Complaint as and for Paragraph 47 of Count IV as if fully set forth herein.

48. Section 523(a)(6) of the Bankruptcy Code provides that a Debtor is not discharged from a debt derived from "willful and malicious injury by the debtor to another entity or to the property of another entity."

49. The Browns, in their capacity as the sole owners, operators, shareholders, officers and/or directors of House, caused the issuance of the Checks, and encashment of same

by Constance at Currency Exchange, and all of which were returned unpaid due to insufficient funds.

50. At the time of issuance of the Checks, the Browns, as the individuals in sole and complete control of House, knew, or should have known, that the Browns'/House's account contained insufficient funds to satisfy the checks and issued and cashed same with the knowledge and/or intent that the Checks would not be honored upon presentment.

51. Further, at the time of issuance of the Checks, the Browns', as the individuals in sole and complete control of House, knew or should have known, that House was insolvent and unable to satisfy its financial obligations to creditors.

52. The Browns' issuance and encashment of the Checks in the manner set forth herein constitutes that conduct constitutes a willful and malicious conversion and injury to Currency Exchange and its assets and/or property to the extent that the Browns received the benefit of Currency Exchange's payment of monies to Constance in exchange for the Checks.

53. The Browns actively participated in the aforementioned conduct that caused willful and malicious injury to Currency Exchange's assets and/or property and caused resulting damage to Currency Exchange.

54. Currency Exchange accepted and negotiated the Checks in reasonable reliance on the validity and enforceability of same.

55. In light of the foregoing, Currency Exchange have been damaged and is entitled to monetary relief, in a sum equal to the amount of the Judgment entered in its favor and against the Browns in the State Court proceedings, *i.e.*, $9,966.10, plus interest, costs and attorneys' fees.

56. The Browns' conduct constitutes fraudulent conduct by them against Currency Exchange in violation of Section 523(a)(6) of the Bankruptcy Code and, therefore, renders any and all debts due and owing to Currency Exchange by the Browns nondischargeable.

**WHEREFORE**, Plaintiff, 147th & Pulaski Currency Exchange, Inc., an Illinois corporation, respectfully request that this Court enter an Order as follows:

A. Entering Judgment in favor of Currency Exchange, and against the Browns, jointly and severally, in the sum of $9,966.10, plus interest, costs and attorneys' fees;

B. Determining that the Browns' debt to Currency Exchange in the sum of $9,966.10, plus interest, costs and attorneys' fees, is nondischargeable pursuant to 11 U.S.C. §523(a)(6); and,

C. For such other, further and different relief as this Court deems just and proper.

Dated: July 19, 2010.

                Respectfully submitted,

                147th & PULASKI CURRENCY EXCHANGE, INC., an Illinois corporation,
                Plaintiff,

                By: _____/s/ David J. Frankel_____
                            One of its attorneys

David J. Frankel (#6237097)
Sorman & Frankel, Ltd.
203 North LaSalle Street, Suite 2350
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)